**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES ROBERTS,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CUMBERLAND COUNTY D.O.C., et al.,<br><br>　　　　　　Defendants. | Civil Action No. 24-5872 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I.　　BACKGROUND**

Plaintiff is a state pretrial detainee detained in the Hudson County Correctional Facility. (ECF No. 1 at 2-4.) On April 6, 2024, Plaintiff was temporarily transferred to the Cumberland County jail and placed in a cell. While in the cell, he noticed that the toilet was backed up and

malodorous, and he asked for supplies to clean it. (*Id.* at 5-6.) Plaintiff was not given cleaning supplies. (*Id.*) Plaintiff also alleges that the shower on the unit in the Cumberland County jail was also filthy and that he was not permitted to clean it, either. (*Id.*) Finally, Plaintiff alleges that, on his first day in the Cumberland County jail, he was not given his daily medications as the medication order had not yet arrived from Hudson County, and that he was made to wait until the following day to get medication as when the order did arrive, he was told it was "too close" to his next dose to give him his medication immediately. (*Id.*) Based on these allegations, Plaintiff seeks to raise a conditions of confinement claim against the Cumberland County Department of Corrections and its Director, Defendant Albino, and a claim for deliberate indifference to his medical needs against CFG Health Services, the jail's medical provider. (*Id.* at 1-4.)

## II.  LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

malodorous, and he asked for supplies to clean it. (*Id.* at 5-6.) Plaintiff was not given cleaning supplies. (*Id.*) Plaintiff also alleges that the shower on the unit in the Cumberland County jail was also filthy and that he was not permitted to clean it, either. (*Id.*) Finally, Plaintiff alleges that, on his first day in the Cumberland County jail, he was not given his daily medications as the medication order had not yet arrived from Hudson County, and that he was made to wait until the following day to get medication as when the order did arrive, he was told it was "too close" to his next dose to give him his medication immediately. (*Id.*) Based on these allegations, Plaintiff seeks to raise a conditions of confinement claim against the Cumberland County Department of Corrections and its Director, Defendant Albino, and a claim for deliberate indifference to his medical needs against CFG Health Services, the jail's medical provider. (*Id.* at 1-4.)

## II.  LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In this matter, Plaintiff seeks to raise medical claims and conditions of confinement claims against a county department of corrections, its director, and its medical provider. Initially, the Court notes that a county department of corrections is not a proper defendant in a civil rights action, the proper defendant instead would be the municipality which operates the department and its jail. *See, e.g., Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015). Plaintiff's claim against the Department is thus dismissed at this time.

3

Turning to Plaintiff's remaining claims, a defendant in a civil rights action must have personal involvement in the alleged wrongs in order to be held liable, he cannot be held liable solely on a *respondeat superior* basis arising out of his supervisor status. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Personal involvement requires allegations of a defendant's specific involvement in the incidents alleged, or allegations which would show that the events could be imputed to the defendant based on his directing others to perform the deeds in question, his actual knowledge and acquiescence in the alleged wrong, or facts indicating that the defendant created a policy or practice which was the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222. Where a named Defendant is a municipality or contractor to a municipality, such as Defendant CFG Health Services, a Plaintiff seeking to show the contractor's personal involvement must plead facts showing that the defendant adopted a policy, procedure, or practice which is the moving force behind the alleged violation of his rights. *See e.g., City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

In his complaint, Plaintiff pleads that he only noticed the issues with his cell and showers after spending an hour in his Cumberland County cell block, and after using the facilities. He alleges that he told guards about the issues, but not that he ever complained to or otherwise notified the director of the jail of the issues. Likewise, although he alleges he asked some nursing staff and guards about his medication, he does not allege that he ever raised the issue to the attention of the director, nor that his lack of medication for one day was the result of a policy, practice, or custom put in place by CFG or the director. Plaintiff has thus not pled facts which would indicate the personal involvement of either Director Albino or CFG Health Systems, and thus has failed to

plead a plausible claim for relief against either of the remaining Defendants. Plaintiff's claims against the remaining Defendants shall therefore be dismissed without prejudice at this time.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) shall be **GRANTED**, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

                                                            Hon. Karen M. Williams,
                                                            United States District Judge